NOEL M. COOK, SBN 122777
LINDA JOY KATTWINKEL, SBN 164283
ALICA DEL VALLE, SBN 246006
OWEN, WICKERSHAM & ERICKSON, P.C.
455 Market Street, Suite1910
San Francisco, California 94105
(415) 882-3200 Tel
(415) 882-3232 Fax
ncook@owe.com
ljk@owe.com
adelvalle@owe.com

Attorneys for Plaintiffs
SANRIO COMPANY, LTD. and SANRIO, INC.

E-filing

*ORIGINAL FILED*
*JAN 30 2009*
*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

MHP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANRIO COMPANY, LTD., a Japanese corporation and SANRIO, INC., a California corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> J.I.K. Accessories, Inc., Accessitive Accessories, Inc., B.B. Apparels Inc., Amuseco Accessories, Inc., Nana Accessory, Inc., Seanna Corporation, Heiress Enterprises, Inc., Pinkland Corporation, Inc., Bliss, Final Choice, Joon Sik Bae, Yong Woo Kim, Any Bae, Jason Bae, Brian Ban, Ryan Bae, Ho Yong Na, Sang Wha Kim, Aeran Bae a/k/a Chris Bae, Jenny J. Lee, Sukmin Bae, John Bae, Lisa Bae, Grace Kim, Ken Chung, Yeun Sik Cha, Debbie Kim, DOES 1- 10, <br><br> Defendants | Civil Action No.  CV 09  0440 <br><br> COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR: <br><br> 1) Federal Copyright Infringement; <br> 2) Federal Trademark Infringement and Counterfeiting; <br> 3) Federal Unfair Competition; <br> 4) Unfair Competition Under Cal. Prof. Code § 17200 et seq. <br><br> Demand for Jury Trial |

Plaintiffs, Sanrio Company, Ltd. and Sanrio, Inc. (collectively "Sanrio") for their

complaint against Defendants J.I.K. Accessories, Inc., Accessitive Accessories, Inc., B.B.

Apparels Inc., Amuseco Accessories, Inc., Nana Accessory, Inc., Seanna Corporation, Heiress

Enterprises, Inc., Pinkland Corporation, Inc., Bliss, Final Choice, Joon Sik Bae, Yong Woo Kim,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  Any Bae, Jason Bae, Brian Ban, Ryan Bae, Ho Yong Na, Sang Wha Kim, Aeran Bae a/k/a Chris

2  Bae, Jenny J. Lee, Sukmin Bae, John Bae, Lisa Bae, Grace Kim, Ken Chung, Yeun Sik Cha,

3  Debbie Kim, and Does 1-10, alleges as follows:

4  ## NATURE OF THE ACTION

5  1.      This is an action to redress violations of the federal trademark laws, 15 U.S.C.

6  §1114, et seq.,  federal copyright laws, 17 U.S.C. § 501, et seq., federal laws of unfair

7  competition, 15 U.S.C. §1125(a) et seq., as amended, California state law of unfair competition,

8  Cal. Bus. & Prof. Code § 17200 et seq., as the result of willful and unauthorized use by

9  Defendants of Sanrio's character names, trademarks and designs, as more fully set forth

10  hereinafter.  Sanrio seeks injunctive relief restraining infringement by Defendants of Sanrio's

11  names, trademark, and designs, damages as the direct and proximate result thereof, and related

12  relief.

13  ## THE PARTIES

14  2.      Plaintiff **Sanrio Co., Ltd.** is a corporation organized and existing under the laws

15  of the nation of Japan with its principal place of business located at 1-6-1 Osaki, Shinagawa ku,

16  Tokyo 141-8603, Japan.

17  3.      Plaintiff **Sanrio, Inc.** is a corporation organized and existing under the laws of the

18  State of California with its principal place of business located at 570 Eccles Avenue, South San

19  Francisco, California 94080.  Sanrio, Inc. is a wholly owned subsidiary of Sanrio Co., Ltd.

20  4.      Plaintiffs are informed and believe, and upon that basis allege, that Defendant

21  **J.I.K. Accessories, Inc.** is a corporation organized and existing under the laws of the State of

22  California with a principal place of business at 619 E. Shaw Ave., #F8, Fresno, California 93710.

23  Plaintiffs are further informed and believe that J.I.K. Accessories, Inc. does business under the

24  names Amusé and JS-Amuse Accessories and operates or has operated out of retail locations

25  located in the counties of Santa Clara, Alameda, Fresno, and Los Angeles.  J.I.K. Accessories

26  does business in the Northern District of California at its Amusé store, located at 180 Great Mall

27  Dr., Milpitas, CA 95035.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

5.     Plaintiffs are informed and believe, and upon that basis allege, that Defendant **Accessitive Accessories, Inc.** is a corporation organized and existing under the laws of the State of California with a principal place of business at 2051 North Rose Avenue, No. 220, Oxnard, California 93036.  Plaintiffs are further informed and believe that Accessitive Accessories, Inc. does business under the name Amusé and operates or has operated out of retail locations located in the California counties of Ventura and Los Angeles.

6.     Plaintiffs are informed and believe, and upon that basis allege, that Defendant **B.B. Apparels, Inc.** is a corporation organized and existing under the laws of the State of California with a principal place of business at 8443 Van Nuys Boulevard, # 44, Panorama City, California 91402.  Plaintiffs are further informed and believe that B.B. Apparels, Inc. does business under the name Amusé and operates or has operated out of retail locations located in Los Angeles county, California.

7.     Plaintiffs are informed and believe, and upon that basis allege, that Defendant **Amuseco Accessories, Inc.** is a corporation organized and existing under the laws of the State of California with a principal place of business at 161 W. 33rd Street, Los Angeles, California 90007.  Plaintiffs are further informed and believe that Amuseco Accessories, Inc. does business under the name Amusé and operates or has operated out of retail locations located in Los Angeles county, California.

8.     Plaintiffs are informed and believe, and upon that basis allege, that Defendant **Nana Accessory, Inc.** is a corporation organized and existing under the laws of the State of California with a principal place of business at 9301 Tampa Avenue, Suite 201A, Northridge, California 91324.  Plaintiffs are further informed and believe that Nana Accessory, Inc. does business under the name Amusé and operates or has operated out of retail locations located in Los Angeles county, California.

9.     Plaintiffs are informed and believe, and upon that basis allege, that Defendant **Seanna Corporation** is a corporation organized and existing under the laws of the State of California with a principal place of business at 3359 Castro Valley Boulevard, Castro Valley, California 94546.  Plaintiffs are further informed and believe that Seanna Corporation does

1  business under the name Amusé and operates or has operated out of retail locations located in the

2  counties of Alameda and Contra Costa within the Northern District of California.

3        10.      Plaintiffs are informed and believe, and upon that basis allege, that Defendant

4  **Heiress Enterprises, Inc.** is a corporation organized and existing under the laws of the State of

5  California with a principal place of business at 2800 North Main Street, Suite 558, Santa Ana,

6  California 92705.  Plaintiffs are further informed and believe that Heiress Enterprises, Inc. does

7  business under the name Bliss and operates or has operated out of retail locations located in the

8  California counties of Orange.

9        11.      Plaintiffs are informed and believe, and upon that basis allege, that Defendant

10 **Pinkland California, Inc.** is a corporation organized and existing under the laws of the State of

11 California with a principal place of business at 17064 Slover Ave., Ste. 106, Fontana, California

12 92337.  Plaintiffs are further informed and believe that Pinkland California, Inc. does business

13 under the name Final Choice and operates or has operated out of retail locations located in the

14 California county of San Bernardino.

15       12.      Plaintiffs are informed and believe, and upon that basis allege, that Defendant

16 **Bliss** is an unincorporated entity of the State of California operating out of retail locations

17 located in the California counties of Los Angeles and Orange.

18       13.      Plaintiffs are informed and believe, and upon that basis allege, that Defendant

19 **Final Choice** is an unincorporated entity or entities of the State of California operating out of

20 retail locations located in the counties of Los Angeles, Orange, and San Bernardino.

21       14.      Plaintiffs are informed and believe, and upon that basis allege, that Defendant

22 **Joon Sik Bae**, an individual residing in the State of California, is actively engaged in the

23 operation, management and control of Defendants J.I.K. Accessories, Inc., Accessitive

24 Accessories, Inc., B.B. Apparels, Inc. and Amuseco Accessories, Inc. and the various retail

25 locations related thereto located in the California counties of Santa Clara, Alameda, Fresno,

26 Orange, Los Angeles, San Bernardino, and Ventura.

27       15.      Plaintiffs are informed and believe, and upon that basis allege, that Defendant

28 **Joon Sik Bae** is the owner of U.S. Trademark Registration No. 3,056,930 for AMUSÉ & Design

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  for "fashion accessories, namely, jewelry" in International Class 14.  Plaintiffs are further

2  informed and believe that Joon Sik Bae is using and/or authorizes the use of the AMUSÉ &

3  Design mark on and in connection with all of the Amusé stores indicated above, located

4  throughout California, including within the Northern District of California, and actively engages

5  in the operation, management, and control thereof.  A copy of the AMUSÉ & Design

6  registration, obtained through the U.S. Patent and Trademark Office's Trademark Electronic

7  Search System, together with copies of photographs depicting the use of the AMUSÉ & Design

8  mark at various retail locations, comprise Exhibit 1.  Defendant Joon Sik Bae is conducting

9  business and has contacts in the Northern District of California.  Defendant Joon Sik Bae and/or

10  his agents reside or can be found in the Northern District of California, namely, at 180 Great

11  Mall Drive, Milpitas, California 95035; 159 Sun Valley Center, Concord, California 94520; and

12  19530 Mount Jasper Drive, Castro Valley, California 94552.

13       16.     Plaintiffs are informed and believe, and upon that basis allege, that Defendant

14  **Yong Woo Kim**, an individual residing in the Northern District of California, is actively

15  engaged in the operation, management and control of Defendant J.I.K. Accessories, Inc.

16  Defendant Yong Woo Kim is conducting business in the Northern District of California at 180

17  Great Mall Dr., Milpitas, CA 95035.

18       17.     Plaintiffs are informed and believe, and upon that basis allege, that Defendant

19  **Andy Bae**, an individual residing in the State of California, is actively engaged in the operation,

20  management and control of Defendant Amuseco Accessories, Inc. and/or Defendant B.B.

21  Apparels, Inc.

22       18.     Plaintiffs are informed and believe, and upon that basis allege, that Defendant

23  **Jason Bae**, an individual residing in the State of California, is actively engaged in the operation,

24  management and control of Defendant B.B. Apparels, Inc.

25       19.     Plaintiffs are informed and believe, and upon that basis allege, that Defendant

26  **Brian Ban**, an individual residing in the State of California, is actively engaged in the operation,

27  management and control of Defendant B.B. Apparels, Inc.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

20.     Plaintiffs are informed and believe, and upon that basis allege, that Defendant **Ryan Bae**, an individual residing in the State of California, is actively engaged in the operation, management and control of B.B. Apparels, Inc.

21.     Plaintiffs are informed and believe, and upon that basis allege, that Defendant **Ho Yong Na**, an individual residing in the State of California, is actively engaged in the operation, management and control of Defendant Nana Accessory, Inc.

22.     Plaintiffs are informed and believe, and upon that basis allege, that Defendant **Sang Wha Kim**, an individual residing in the Northern District of California, is actively engaged in the operation, management and control of Defendant Seanna Coporation.

23.     Plaintiffs are informed and believe, and upon that basis allege, that Defendant **Aeran Bae a/k/a Chris Bae**, an individual residing in the State of California, is actively engaged in the operation, management and control of Defendants B.B. Apparels, Inc. and Final Choice.

24.     Plaintiffs are informed and believe, and upon that basis allege, that Defendant **Jenny J. Lee**, an individual residing in the State of California, is actively engaged in the operation, management and control of Defendants J.I.K. Accessories, Inc. and/or Heiress Enterprises, Inc.

25.     Plaintiffs are informed and believe, and upon that basis allege, that Defendant **Sukmin Bae**, an individual residing in the State of California, is actively engaged in the operation, management and control of Defendant Bliss.

26.     Plaintiffs are informed and believe, and upon that basis allege, that Defendant **John Bae**, an individual residing in the State of California, is actively engaged in the operation, management and control of Defendant Final Choice.

27.     Plaintiffs are informed and believe, and upon that basis allege, that Defendant **Lisa Bae**, an individual residing in the State of California, is actively engaged in the operation, management and control of Defendant Final Choice.

28.     Plaintiffs are informed and believe, and upon that basis allege, that Defendant **Grace Kim**, an individual residing in the State of California, is actively engaged in the operation, management and control of Defendant Final Choice.

29.     Plaintiffs are informed and believe, and upon that basis allege, that Defendant **Ken Chung**, an individual residing in the State of California, is actively engaged in the operation, management and control of Defendants Pinkland California, Inc. and Final Choice.

30.     Plaintiffs are informed and believe, and upon that basis allege, that Defendant **Yeun Sik Cha**, an individual residing in the State of California, is actively engaged in the operation, management and control of Defendant Pinkland California, Inc.

31.     Plaintiffs are informed and believe, and upon that basis allege, that Defendant **Debbie Kim**, an individual residing in the State of California, is actively engaged in the operation, management and control of Defendant Pinkland California, Inc.

32.     Plaintiffs do not know the true names of the individuals, corporations, partnerships or other entities sued and identified herein as Does 1 through 10.  Plaintiffs allege that said Defendants are liable to Plaintiffs under the claims for relief set forth below, and request leave of this Court to amend this Complaint when the true names of said Defendants are discovered.

33.     Plaintiffs are informed and believe, and upon that basis allege, that the named Defendants, including Does 1 through 10, were joint tortfeasors, aiders and abettors, or agent, principal or both for one another.  Each of the named Defendants, including Does 1 through 10, was acting within the scope of said relationship when engaging in the conduct alleged in this Complaint and is jointly and severally liable for all damages and profits arising from the conduct described herein.  Unless otherwise specified, named Defendants and the Doe defendants are referred to hereafter collectively as "Defendants."

## JURISDICTION AND VENUE

34.     This Court has subject matter jurisdiction over Plaintiff's claims under and pursuant to 28 U.S.C. §§ 1331 and 1338.  This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

35.     Venue in the Northern District of California is proper pursuant to 28 U.S.C.§§ 1391(b), 1391(c), and 1400(a) because (i) Defendants have sufficient connection with the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    Northern District of California to make venue proper and/or (ii) Defendants and or their agents

2    reside or may be found in the District.

3                                    **INTRADISTRICT ASSIGNMENT**

4            36.     Assignment on a district-wide basis is appropriate under Civil Local Rule 3-2(c)

5    because this is an Intellectual Property Action.

6                              **ALLEGATIONS COMMON TO ALL COUNTS**

7            37.     Since 1960, Sanrio Co., Ltd. has been engaged in the business of manufacturing,

8    distributing and selling products for use by children and young adults.  All of Sanrio Co., Ltd.'s

9    products are marked with the SANRIO trade name and mark.  Since 1976, Sanrio, Inc. has been

10   the exclusive United States distributor of the products of Sanrio Co., Ltd. and is currently the

11   exclusive United States master licensee of the rights in and to the SANRIO trademarks and

12   copyrights.

13   **Plaintiffs' HELLO KITTY, KEROPPI and CHARMMY KITTY Characters**

14           38.     Sanrio is the creator and owner of the famous HELLO KITTY,

15   KEROKEROKEROPPI a/k/a KEROPPI, and CHARMMY KITTY characters, as well as many

16   other characters, as depicted in Exhibit 2.

17           39.     Since 1976, most of Sanrio's merchandise marketed in the U.S. has displayed

18   HELLO KITTY character artwork on the products and product packaging.  True and correct

19   copies of Sanrio's official biographies of HELLO KITTY and representative examples of

20   genuine HELLO KITTY merchandise comprise Exhibit 3.

21           40.     Since 1988, KEROPPI character artwork has appeared on numerous Sanrio

22   products and product packaging marketed in the U.S.  True and correct copies of Sanrio's

23   official biographies of KEROPPI and representative examples of genuine KEROPPI

24   merchandise comprise Exhibit 4.

25           41.     Since 2004, CHARMMY KITTY character artwork has appeared on numerous

26   Sanrio products and product packaging marketed in the U.S.  True and correct copies of Sanrio's

27   official biographies of CHARMMY KITTY and representative examples of genuine

28   CHARMMY KITTY merchandise comprise Exhibit 5.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

<u>Copyright Registrations</u>

42.     Sanrio Co., Ltd. owns many U.S. Certificates of Copyright Registration for artwork depicting the HELLO KITTY character, including Registration Nos. VA 130-420, VA 1-303-874, and VA 1-342-775.  True and correct copies of these copyright registrations, and relevant excerpts of related deposit specimens, comprise Exhibit 6.

43.     Sanrio Co., Ltd. owns many U.S. Certificates of Copyright Registration for artwork depicting the KEROPPI character, including Registration Nos. VA 707-212 and VA 636-579.  True and correct copies of these copyright registrations, and relevant excerpts of related deposit specimens, comprise Exhibit 7.

44.     Sanrio Co., Ltd. owns many U.S. Certificates of Copyright Registration for artwork depicting the CHARMMY KITTY character, including the following Registration No. VA 1-296-111.  Copies of this copyright registration, and relevant excerpts of related deposit specimens, comprise Exhibit 8.

<u>Registered Trademarks</u>

45.     Sanrio owns several U.S. Trademark registrations for the design trademark depicting the head of the HELLO KITTY character (the "HELLO KITTY Design"), including incontestable U.S. Trademark Registration No. 1,200,083 for, *inter alia*, pendants, rings and bracelets in International Class 14 and elastic pony tail holders with plastic ornaments in International Class 26, and No. 1,277,721, for, *inter alia*, earrings and stickpins in International Class 14, head bands in International Class 25, and barrettes and hair clips in International Class 26.  Copies of these trademark registrations are included in Exhibit 9.

46.     Sanrio owns several U.S. Trademark registrations for the word mark HELLO KITTY (the "HELLO KITTY Name"), including incontestable U.S. Trademark Registration No. 1,215,436 for, *inter alia*, shoulder bags and tote bags in International Class 18, and No. 1,279,486 for, *inter alia*, rings, bracelets, stickpins, and earrings in International Class 14, and ponytail holders, barrettes and hair clips in International Class 26.  Copies of these trademark registrations are included in Exhibit 9.

47.     Since as early as January 1, 1976, Plaintiffs have used the HELLO KITTY Design and Name marks in the United States in connection with the products listed in the foregoing registrations, including hair accessories, necklaces, bracelets, key rings, and charms.

Common Law Trademarks

48.     Since as early as January 1, 1976, Plaintiffs have used, and thereby own common law trademark and trade dress rights in and to, the HELLO KITTY Design and Name marks and HELLO KITTY character artwork in the U.S. in connection with thousands of products and services for children and young adults, including, *inter alia*, jewelry, hair accessories, compacts, bags, clothing, and cell phone accessories.

49.     Sanrio's HELLO KITTY Design and Name marks are inherently distinctive and, in any event, have acquired distinctiveness through continuous and widespread use of the marks in the U.S. and worldwide for over thirty years.

50.     Since as early as 1988, Plaintiffs have used, and thereby own common law trademark and trade dress rights in and to, the KEROPPI character artwork (the "KEROPPI Design mark") in the U.S. in connection with thousands of products and services for children and young adults, including, *inter alia*, jewelry, hair accessories and cell phone accessories.

51.     Sanrio's KEROPPI Design mark is inherently distinctive and, in any event, has acquired distinctiveness through continuous and widespread use of the mark in the U.S. and worldwide for twenty years.

52.     Since as early as 2004, Plaintiffs have used, and thereby own common law trademark and trade dress rights in and to, the CHARMMY KITTY character artwork (the "CHARMMY KITTY Design mark") in the U.S. in connection with thousands of products and services for children and young adults, including, *inter alia*, jewelry, hair accessories, and cell phone accessories.

53.     Sanrio's CHARMMY KITTY Design mark is inherently distinctive and, in any event, has acquired distinctiveness through continuous and widespread use of the mark in the U.S. and worldwide for four years.

**Public Recognition of Plaintiffs' Characters**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

54.     The success of Sanrio's entire business stems from the value to its customers, primarily children and young people, but also celebrities, of products featuring Sanrio's internationally popular signature characters, including HELLO KITTY, KEROPPI and CHARMMY KITTY.  Retail sales of Sanrio's HELLO KITTY character merchandise in the United States marketplace are approximately $500 million.

55.     Sanrio spends close to $2 million annually in the U.S. to promote its character products.  In addition, Sanrio's character products are often the subject of national media stories. Representative examples of such media coverage comprise Exhibit 10.

56.     Genuine Sanrio HELLO KITTY, KEROPPI and CHARMMY KITTY products are sold in the U.S. at authorized Sanrio retailers, including Target and Nordstrom, licensed Sanrio boutiques, corporate theme stores, on-line and through mail order catalogs.

**Defendants' Infringing Activities**

57.     Starting as early as August 2007, Sanrio became aware that Defendants were displaying and offering for sale various unauthorized and/or counterfeit HELLO KITTY and KEROPPI items through their various Amusé, Bliss and Final Choice retail stores throughout California, including stores located in the Northern District of California.  Such items included, for example, bracelets, cell phone accessories, hair accessories, necklaces, earrings, rings, and handbags.  Copies of photographs depicting representative samples of counterfeit Sanrio items purchased at Defendants' stores comprise Exhibit 11.  Defendants were not and are not authorized manufacturers, distributors, licensees or importers of Sanrio merchandise.

58.     On or about August 21, 2007, Sanrio, through its counsel, instructed its agents to hand deliver letters to Defendants at various of their retail stores, informing Defendants of their violation of Sanrio's copyright and trademark rights and demanding Defendants immediately cease and desist all creation, display, promotion and sale of their various unauthorized and/or counterfeit Sanrio items.  Some of the Defendants and/or their agents voluntarily surrendered some of the counterfeit Sanrio products to Sanrio's agents.

59.     On or around August 28, 2007, Sanrio, through its counsel, received a letter from Defendant Andy Bae who identified himself as "Vice President" of Amusé.  Defendant Andy

1    Bae represented that Defendants had discontinued sales of the unauthorized and/or counterfeit

2    Sanrio merchandise and "were prepared to cooperate and relinquish all alleged counterfeit

3    items."

4        60.    On or about September 18, 2007, Sanrio, through its counsel, responded to Andy

5    Bae by a letter which requested a written inventory and supporting documentation for the

6    unauthorized and/or counterfeit Sanrio items trafficked by Defendants, identification of

7    Defendants' supplier of such items, and that Defendants send the remaining inventory of such

8    items to Sanrio's counsel.  There was no response to counsel's letter.

9        61.    Thereafter, Sanrio learned that Defendants continued to display, promote and sell

10   various unauthorized and/or counterfeit Sanrio items, including merchandise bearing Sanrio's

11   HELLO KITTY and CHARMMY KITTY Designs, including, for example, headbands, ponytail

12   holders, necklaces, bracelets, earrings, compacts, caps, and cell phone straps.

13       62.    As recently as November 25, 2008, Sanrio confirmed that Defendants are

14   continuing to display, promote, and sell various unauthorized and/or counterfeit Sanrio items

15   through their various retail store locations across California, including those in the Northern

16   District of California.  Copies of photographs of representative samples of counterfeits purchased

17   from several of Defendants' retail locations from September 2007 through November 2008

18   comprise Exhibit 12.

19       63.    Plaintiffs are informed and believe, and upon that basis allege, that Defendants are

20   continuing and likely to expand unauthorized sales of counterfeit Sanrio products, and, unless

21   restrained by this court, will continue to unfairly compete with Sanrio by displaying, marketing

22   and selling unauthorized and/or counterfeit Sanrio items.

### FIRST CLAIM FOR RELIEF

### Federal Copyright Infringement Under 17 U.S.C. §101 et seq.

25       64.    Sanrio restates and reavers the allegations of paragraphs 1 through 64, inclusive.

26       65.    Since their introduction, artwork comprising Sanrio's copyrighted HELLO

27   KITTY, KEROPPI and CHARMMY KITTY character designs (the "Copyrighted Designs")

28   have been displayed on Plaintiffs' websites, published in catalogs and promotional materials, and

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

affixed on or comprising Sanrio character products and packaging, millions of which have been distributed worldwide and in the United States.

66.     At all times relevant hereto, all or substantially all copies of Sanrio's Copyrighted Designs made by Sanrio or under its authority or license in the United States and elsewhere have been manufactured in strict conformity with the Copyright Act of the United States and all other laws governing copyright in the areas where the items have been published.

67.     At all times relevant hereto, all or substantially all of Sanrio's genuine products bearing the Copyrighted Designs have been marked with copyright notices claiming copyright in Sanrio's name.

68.     Sanrio's Copyrighted Designs constitute original artwork created by Sanrio.

69.     Sanrio's original Copyrighted Designs affixed on or comprising Sanrio's character products represent copyrightable subject matter under the laws of the United States.

70.     At all times relevant herein, Sanrio has been and still is the owner of the copyrights in and to the Copyrighted Designs.  Sanrio has conveyed no copyright interest in the Copyrighted Designs to Defendants.

71.     On information and belief, Defendants had access to Sanrio's Copyrighted Designs, which are extensively marketed worldwide, including on Plaintiffs' websites.

72.     The unauthorized and/or counterfeit items imported, displayed, promoted and/or sold by Defendants, as identified above and representative examples of which are depicted in Exhibits 11 and 12 hereto (hereinafter, collectively, the Counterfeits), bear identical or strikingly similar copies of Sanrio's character artwork known as HELLO KITTY, KEROPPI or CHARMMY KITTY, and constitute willful and unauthorized distribution, copying and misappropriation of substantial or entire portions of the designs contained in, and original to, Sanrio's Copyrighted Designs.

73.     Upon information and belief, Defendants intentionally and willfully manufactured, displayed, promoted, sold and/or distributed products bearing copies of Sanrio's Copyrighted Designs and/or copied such designs, without authority of Plaintiffs or their agents.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

74.     As a direct and proximate result thereof, Sanrio has been and continues to be damaged in an amount to be ascertained, but believed to be at least $450,000.

75.     Sanrio has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF

**Counterfeiting and Infringement of Federally Registered Trademarks Under 15 U.S.C. §1114 et seq.**

76.     Sanrio restates and reavers the allegations of paragraphs 1 through 76, inclusive.

77.     The incontestable U.S. registered trademarks comprising the HELLO KITTY Design mark and the HELLO KITTY Name mark (the "Registered Trademarks") as described above, have been extensively used, advertised, and promoted through the United States and the world in connection with the Sanrio character products as identified above for over thirty years.

78.     The Registered Marks are inherently distinctive.  Moreover, they are conclusively distinctive because the registrations are incontestible.  As a result of Sanrio's use, advertisement and promotion of Sanrio's Registered Trademarks, each of these trademarks have become well and favorably known throughout the United States and the world as identifying Sanrio and its products.  Sanrio has developed exceedingly valuable goodwill with respect to all of its Registered Trademarks.

79.     Upon information and belief, Defendants have knowingly, willfully and intentionally created, imported, advertised, promoted, displayed, offered for sale and/or sold infringing counterfeit products bearing identical, nearly identical and/or confusingly similar copies of Sanrio's Registered Trademarks, including without limitation the HELLO KITTY Design and Name marks, as identified above and representative examples of which are depicted in Exhibits 11 and 12 hereto (the "Counterfeit Trademarks").

80.     Defendants' use of each of the Counterfeit Trademarks on its products is likely to cause members of the relevant public and trade to believe that Defendants' products are provided by, in affiliation with, or under the sponsorship or approval of Sanrio when used in connection with the identical, substantially similar, or related goods.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

81.     Plaintiffs are informed and believe, and upon that basis allege, that Defendants willfully selected, adopted and/or used the Counterfeit Trademarks on their goods with knowledge of the valuable goodwill and business reputation associated therewith, and with intent to confuse, mislead, and deceive the public into believing Defendants' goods come from Sanrio or are in some manner associated with, approved or endorsed by Sanrio.

82.     Plaintiffs are informed and believe, and upon that basis allege, that unless restrained by this Court, Defendants will continue to infringe Sanrio's Registered Trademarks by using the Counterfeit Trademarks on Defendants' goods.

83.     By their wrongful acts, Defendants, unless restrained by this Court, will cause serious and irreparable harm to Sanrio.

84.     As a direct and proximate result thereof, Sanrio has been and continues to be damaged in an amount to be ascertained, but believed to be at least $450,000.

85.     Sanrio has no adequate remedy at law.

86.     Defendants' conduct constitutes an exceptional case justifying an award of attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## THIRD CLAIM FOR RELIEF

### Federal Unfair Competition and Common Law Trademark Infringement Under 15 U.S.C. § 1125(a)

87.     Sanrio restates and reavers the allegations of Paragraphs 1 through 87, inclusive.

88.     Sanrio's common law design marks, namely, the name and image of HELLO KITTY, and the images of KEROPPI and CHARMMY KITTY (collectively, the "Common Law Trademarks"), are inherently distinctive.  Moreover, as described above, the Common Law Trademarks have been extensively used, advertised, and promoted throughout the United States and the world for many years in connection with Sanrio's products.

89.     As a result of Sanrio's use, advertisement and promotion of Sanrio's Common Law Trademarks, each of these trademarks have become well and favorably known throughout the United States and world as identifying Sanrio and its products.  Sanrio has developed exceedingly valuable goodwill with respect to all of its Common Law Trademarks.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

90.     Plaintiffs are informed and believe, and upon that basis allege, that Defendants have imported, advertised, promoted, displayed, offered for sale and/or sold infringing products bearing identical, or nearly identical copies of Sanrio's Common Law Trademarks, as identified above and representative examples of which are depicted in Exhibits 11 and 12 (the "Counterfeit Marks").

91.     Defendants' use of each of the Counterfeit Marks is likely to cause members of the relevant public and trade to believe that the products sold bearing the Counterfeit Marks are provided by, in affiliation with, or under the sponsorship or approval of Sanrio in light of the confusing similarity between the Counterfeit Marks and Sanrio's genuine Common Law Trademarks when used in connection with the identical, substantially similar, or related goods.

92.     Plaintiffs are informed and believe, and upon that basis allege, that Defendants selected, adopted and/or used the Counterfeit Marks with knowledge of Sanrio's Common Law Trademarks, and the valuable goodwill and business reputation associated therewith and with intent to confuse, mislead and deceive the public into believing that Defendants' goods come from Sanrio or are in some manner associated with, approved or endorsed by Sanrio.

93.     Plaintiffs are informed and believe, and upon that basis allege, that unless restrained by this Court, Defendants will continue to infringe Sanrio's genuine Common Law Trademarks by its use of the Counterfeit Marks.

94.     By their wrongful acts, Defendants, unless restrained by this Court, will cause serious and irreparable harm to Sanrio.

95.     As a direct and proximate result thereof, Sanrio has been and continues to be damaged in an amount to be ascertained, but believed to be at least $450,000.

96.     Sanrio has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

### Unfair Competition Under Cal. Bus. & Prof. Code § 17200

97.     Sanrio restates and reavers the allegations of paragraphs 1 through 97, inclusive.

98.     Defendants' above-averred actions constitute unlawful, unfair, and fraudulent business practices and unfair, deceptive, misleading, and false advertising in violation of Cal. Bus. & Prof. Code § 17200, et seq.

99.     By their wrongful acts, Defendants, unless restrained by this Court, will cause serious and irreparable harm to Sanrio.

100.    As a direct and proximate result thereof, Sanrio has been and continues to be damaged in an amount to be ascertained, but believed to be at least $450,000. Sanrio has no adequate remedy at law.

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

1.      That Defendants, Defendants' agents, employees and licensees, and all persons or entities in active concert or participation with any of them who receive notice of the Court's Order, be preliminarily and permanently enjoined from:

A.      Manufacturing, causing to be manufactured, importing, marketing, promoting, displaying, advertising, distributing, selling, and/or otherwise disposing of any products that incorporate, reflect, or contain any unauthorized use of Sanrio's Copyrighted Designs, Registered Trademarks, and/or Common Law Trademarks, and/or infringing said copyrights and trademarks in any manner;

B.      Otherwise infringing any of Plaintiffs' copyrights or trademarks;

C.      Otherwise competing unfairly with Plaintiffs.

2.      That Defendants, their agents, employees, and licensees, and all those acting under its direction and pursuant to its control, be directed to deliver up for destruction all infringing and/or counterfeit Sanrio products, and other matter employed in the manufacture, distribution and sale of such infringing and/or counterfeit Sanrio products.

3.      That Defendants be required to pay Sanrio:

A.      Any and all profits made by Defendants as a result of the aforesaid infringements, together with interest thereupon in an amount presently unknown;

B.      Sanrio's damages in an amount presently unknown but believed to be at least $450,000, together with interest;

C.      Statutory damages in the amount of $150,000 per copyright infringement, the maximum allowable as provided under and pursuant to 17 U.S.C. § 504(c), as amended.

D.      Statutory damages in an amount not more than $1,000,000 per counterfeit mark, as provided under and pursuant to 15 U.S.C. §1117(c); and

E.      Three times the profits and damages pursuant to 15 U.S.C. § 1117(b).

4.      That Defendants be required to pay Sanrio the costs of this action, together with Sanrio's reasonable attorneys' fees, under 17 U.S.C. 505 and 15 U.S.C. §1117(a).

5.      Plaintiff be awarded any other relief as this Court may deem just and proper.

OWEN, WICKERSHAM & ERICKSON, P.C.

Dated: _1/30/09_          By _____

Noel M. Cook

Attorneys For Plaintiff,
SANRIO COMPANY, LTD. and
SANRIO, INC.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial of all issues in the above-captioned action which are triable to a jury.

OWEN, WICKERSHAM & ERICKSON, P.C.

Dated: _____1/30/09_____      By _____
                                        Noel M. Cook

                              Attorneys For Plaintiff,
                              SANRIO COMPANY, LTD. and
                              SANRIO, INC.

S:\1Clients\SANRI\LITIGA\70017\Complaint\Complaint final.doc

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Page 19

EXHIBIT 1



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Nov 18 04:15:20 EST 2008*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout  Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TARR Status | ASSIGN Status | TDR | TTAB Status |  *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | AMUSÉ |
| **Goods and Services** | IC 014. US 002 027 028 050. G & S: Fashion accessories, namely, jewelry. FIRST USE: 20000601. FIRST USE IN COMMERCE: 20000601 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 26.17.09 - Bands, curved; Bars, curved; Curved line(s), band(s) or bar(s); Lines, curved<br>27.03.01 - Geometric figures forming letters, numerals or punctuation |
| **Serial Number** | 76615636 |
| **Filing Date** | October 13, 2004 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | November 15, 2005 |
| **Registration Number** | 3056930 |
| **Registration Date** | February 7, 2006 |
| **Owner** | (REGISTRANT) BAE, JOON SIK INDIVIDUAL UNITED STATES 8443 VAN |

NUYS BLVD. #44 PANORAMA CITY CALIFORNIA 914022328

| | |
|---|---|
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP

|.HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY



Amuse
180 Great Mall Drive
Milpitas, CA 95035



Amuse
159 Sun Valley Mall
Concord, California





Amuse
8443 Van Nuys Boulevard, Suite 44
Panorama City, CA 91402





Amuse
342 Lakewood Center Mall
Lakewood, CA 90712



Amuse
11225 Long Beach Boulevard, Suite 201
Lynwood, CA 90262

EXHIBIT 2

Certificate of Registration

**Form VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

This Certificate issued under the seal of the Copyright
Office in accordance with title 17, United States Code,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**VAu 684 – 322**

EFFECTIVE DATE OF REGISTRATION

AUG 23 2005
Month    Day    Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**
Title of This Work ▼
Sanrio 2005 Character Guide

NATURE OF THIS WORK ▼ See Instructions
Graphic artwork

Previous or Alternative Titles ▼
n/a

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

---

**2**
**a**
NAME OF AUTHOR ▼
Sanrio Co., Ltd.

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼
n/a    n/a

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of ___ Japan
     Domiciled in ___

Was This Author's Contribution to the Work
Anonymous? ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture     ☐ Map              ☒ Technical drawing
☒ 2-Dimensional artwork        ☒ Photograph       ☒ Text
☐ Reproduction of work of art  ☐ Jewelry design   ☐ Architectural work

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b**
Name of Author ▼
n/a

Dates of Birth and Death
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of ___
     Domiciled in ___

Was This Author's Contribution to the Work
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture     ☐ Map              ☐ Technical drawing
☐ 2-Dimensional artwork        ☐ Photograph       ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design   ☐ Architectural work

---

**3**
**a**
Year in Which Creation of This Work Was Completed
2005
Year    This information must be given in all cases.

**b**
Date and Nation of First Publication of This Particular Work
Complete this information ONLY if this work has been published.
Month ___ Day ___ Year ___    Nation

---

**4**
COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Sanrio Co., Ltd.
1-6-1, Ohsaki, Shinagawa-ku, Tokyo 141-8603 Japan

APPLICATION RECEIVED
AUG 2 3 2005
ONE DEPOSIT RECEIVED
AUG 2 3 2005
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼
n/a

---

MORE ON BACK ▶    • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
                   • See detailed instructions.    • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ___ pages

| EXAMINED BY | | FORM VA |
| CHECKED BY | | |
| ☐ CORRESPONDENCE   Yes | | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes  ☐ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number** ▼                **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

Original character designs, all created and owned by Sanrio Co., Ltd.

**6**

a

*See instructions before completing this space.*

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

New artwork

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼                                          Account Number ▼

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Linda Joy Kattwinkel, Esq. / Owen, Wickersham & Erickson, P.C.
455 Market Street, Ste 1910
San Francisco, CA 94105

b

Area code and daytime telephone number  ( 415 ) 882-3200                    Fax number  ( 415 ) 882-3232

Email  ljk@owe.com

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▶ {
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of  Sanrio Co., Ltd.
                    Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Linda Joy Kattwinkel                                    Date  8·18·05

Handwritten signature (X) ▼

X

| Certificate will be mailed in window envelope to this address: | Name ▼   Linda Joy Kattwinkel, Esq. / Owen, Wickersham & Erickson, P.C. | **9** |
| | Number/Street/Apt ▼   455 Market St., Ste 1910 | |
| | City/State/ZIP ▼   San Francisco, CA 94105 | |

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.