NOEL M. COOK, SBN 122777
LINDA JOY KATTWINKEL, SBN 164283
ALICA DEL VALLE, SBN 246006
OWEN, WICKERSHAM & ERICKSON, P.C.
455 Market Street, Suite1910
San Francisco, California 94105
(415) 882-3200 Tel
(415) 882-3232 Fax
ncook@owe.com
ljk@owe.com
adelvalle@owe.com

Attorneys for Plaintiffs
SANRIO COMPANY, LTD. and SANRIO, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SANRIO COMPANY, LTD., a Japanese corporation and SANRIO, INC., a California corporation,

Plaintiffs,

vs.

J.I.K. Accessories, Inc., Accessitive Accessories, Inc., B.B. Apparels Inc., Amuseco Accessories, Inc., Nana Accessory, Inc., Seanna Corporation, Heiress Enterprises, Inc., Pinkland Corporation, Inc., Bliss, Final Choice, Joon Sik Bae, Yong Woo Kim, Any Bae, Jason Bae, Brian Ban, Ryan Bae, Ho Yong Na, Sang Wha Kim, Aeran Bae a/k/a Chris Bae, Jenny J. Lee, Sukmin Bae, John Bae, Lisa Bae, Grace Kim, Ken Chung, Yeun Sik Cha, Debbie Kim, DOES 1- 10,

Defendants

Civil Action No. C 09-00440 MHP

STIPULATED FACTS AND CONCLUSIONS OF LAW IN SUPPPORT OF ~~[PROPOSED]~~ FINAL JUDGMENT ON CONSENT: J.I.K. ACCESSORIES, INC., ACCESSITIVE ACCESSORIES, INC., B.B. APPARELS INC., AMUSECO ACCESSORIES, INC., JOON SIK BAE A/K/A JASON BAE, ANDY BAE, AND BRIAN BAE

WHEREAS, on January 30, 2009, Sanrio Company, Ltd. and Sanrio, Inc. (“Plaintiffs”) initiated the instant action against the named defendants as set forth above for trademark infringement in violation of 15 U.S.C. § 1114, et seq.; copyright infringement in violation of 17

U.S.C. § 501, et seq.; unfair competition in violation of 15 U.S.C. §1125(a) et seq., as amended; unfair competition under the law of the State of California, Cal. Bus. & Prof. Code § 17200 et seq.; and common law unfair competition.

WHEREAS, Defendants J.I.K. Accessories, Inc., Accessitive Accessories, Inc., B.B. Apparels Inc., Amuseco Accessories, Inc., Joon Sik Bae a/k/a Jason Bae, Andy Bae (erroneously sued herein as Any Bae), Brian Bae (erroneously sued herein as Brian Ban and Ryan Bae) (collectively, “Defendants”) and Plaintiffs have concluded a settlement resolving Plaintiffs’ claims against these Defendants in this civil action;

WHEREAS, the Plaintiffs and Defendants (the “Parties”) wish to resolve this civil action through the entry of Judgment on Consent;

WHEREAS, without admitting that they knowingly infringed Plaintiffs’ rights and specifically denying same, Defendants consent to the entry of Judgment on Consent;

WHEREAS, each Party has waived the right to appeal from the Judgment on Consent;

NOW THEREFORE, the Parties stipulate to the following facts and conclusions of law:

**STIPULATED FACTS**

1. Plaintiff Sanrio Co., Ltd. (“Sanrio”) is a Japanese corporation and maintains its principal place of business located at 1-6-1 Osaki, Shinagawa ku, Tokyo 141-8603, Japan. Plaintiff Sanrio, Inc. is a California corporation and maintains its principal place of business at 570 Eccles Avenue, South San Francisco, California 94080.

2. Since 1960, Sanrio Co., Ltd. has been engaged in the business of manufacturing, distributing and selling products for use by children and young adults. All of Sanrio’s products are marked with the SANRIO trade name and mark. Since 1976, Sanrio, Inc. has been the exclusive United States distributor of the products of Sanrio Co., Ltd. and is currently the exclusive United States master licensee of the rights in and to the SANRIO trademarks and copyrights.

3. Sanrio is the creator and owner of the famous HELLO KITTY, KEROKEROKEROPPI a/k/a KEROPPI, and CHARMMY KITTY characters, as well as many

other characters, as depicted in Exhibit 2 of the Complaint in this action. Since 1976, most of Sanrio's merchandise marketed in the U.S. has displayed HELLO KITTY character artwork on the products and product packaging. Since 1988, KEROPPI character artwork has appeared on numerous Sanrio products and product packaging marketed in the U.S. Since 2004, CHARMMY KITTY character artwork has appeared on numerous Sanrio products and product packaging marketed in the U.S.

4. Sanrio owns many U.S. Certificates of Copyright Registration for artwork depicting the Sanrio Characters, including the following Registration Nos.: VA 130-420, VA 1-303-874 and Vau 684-322 and VA 1-342-775 (HELLO KITTY); VA 707-212 and VA 636-579 (KEROPPI); and VA 1-296-111 (CHARMMY KITTY) (the "Sanrio Registered Copyrights").

5. Sanrio owns several U.S. Trademark registrations, including U.S. Trademark Registration Nos. 1,200,083 and 1,277,721 for the design trademark depicting the head of the HELLO KITTY character; and 1,215,436 and 1,279,486 for the word mark HELLO KITTY, all of which are incontestable (collectively, "Sanrio's Registered Trademarks").

6. In addition to owning the foregoing federal trademark registrations, Sanrio owns all common law rights (including trademark and trade dress rights) to the HELLO KITTY character name and design, and the KEROPPI and CHARMMY KITTY character designs (collectively, "Sanrio's Common Law Trademarks").

7. Defendants are entities or individual residents of California, who were at all relevant times actively engaged in the operation, management and/or control of certain retail businesses called Amuse (the "retail stores"), and a wholesale business called Amuseco, all located in various counties in California.

8. During all times relevant to this action, Defendants were not authorized to advertise, manufacture, import, distribute, or sell Sanrio merchandise.

9. During various times in the past, Defendants distributed, through Amuseco, and advertised, displayed and offered for sale at their retail stores, various infringing or counterfeit

products depicting the HELLO KITTY character, and/or the KEROPPI and/or CHARMMY KITTY characters (the "Counterfeit Merchandise").

**STIPULATED CONCLUSIONS OF LAW**

10. The Court has jurisdiction over the subject matter of this civil action.

11. Sanrio owns valid copyrights, trademarks and trade dress in the name and design of the HELLO KITTY, KEROPPI and CHARMMY KITTY characters.

12. The Counterfeit Merchandise advertised, distributed and sold by Defendants contained infringing or counterfeit versions of Sanrio's Registered Copyrights, Sanrio's Registered Trademarks, and Sanrio's Common Law Trademarks.

13. The acts of Defendants constituted copyright infringement, in violation of 17 U.S.C. § 501.

14. The acts of Defendants constituted trademark and trade dress infringement, in violation of 15 U.S.C. §§ 1114, 1125(a).

15. The acts of Defendants constituted unfair competition in violation of 15 U.S.C. §1125(a) et seq., as amended, Cal. Bus. & Prof. Code § 17200 et seq.; and common law.

The Parties, either themselves or through their undersigned counsel, hereby stipulate to the above facts and conclusions and consent to the entry of Judgment on Consent pursuant to the separately filed Proposed Judgment on Consent, and to entry of an Amendment to the Judgment on Consent pursuant to the Settlement Agreement in the form attached thereto in the event of a default in the payments provided in the Settlement Agreement.

IT IS SO STIPULATED.

OWEN, WICKERSHAM & ERICKSON, P.C.

Date: May 12, 2011

By: /Noel M. Cook
NOEL M. COOK
LINDA JOY KATTWINKEL
Attorneys For Plaintiffs
SANRIO COMPANY, LTD.
SANRIO, INC.

BLEDSOE, CATHCART, DIESTEL, PEDERSEN & TREPPA, LLP

Date: May 12, 2011

By:__/L.Jay Pedersen__________________
L. JAY PEDERSEN
JOSHUA N. ROSEN
Attorneys for Defendant
ACCESSITIVE ACCESSORIES, INC.

TINGLEY PIONTKOWSKI LLP

Date: May 12, 2011

By:___/Bruce C. Piontkowski__________
BRUCE C. POINTKOWSKI
JONATHAN A. MCMAHON
Attorney for Defendants
J.I.K. ACCESSORIES, INC.
ACCESSITIVE ACCESSORIES, INC.
B.B. APPARELS INC.
AMUSECO ACCESSORIES, INC.
JOON SIK BAE A/K/A JASON BAE
ANDY BAE and BRIAN BAE

**IT IS SO ORDERED AND ADJUDGED.**

Dated this _13th__ day of _May___________, 2011.

______________________________
HON. MARI[...]
U.S. DISTRI[...]