NOEL M. COOK, SBN 122777
LINDA JOY KATTWINKEL, SBN 164283
ALICA DEL VALLE, SBN 246006
OWEN, WICKERSHAM & ERICKSON, P.C.
455 Market Street, Suite1910
San Francisco, California 94105
(415) 882-3200 Tel
(415) 882-3232 Fax
ncook@owe.com
ljk@owe.com
adelvalle@owe.com

Attorneys for Plaintiffs
SANRIO COMPANY, LTD. and SANRIO, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANRIO COMPANY, LTD., a Japanese corporation and SANRIO, INC., a California corporation, | Civil Action No. C 09-00440 MHP |
| Plaintiffs, | [PROPOSED] FINAL JUDGMENT ON CONSENT: J.I.K ACCESSORIES, INC., ACCESSIVE ACCESSORIES, INC., B.B. APPARELS INC., AMUSECO ACCESSORIES, INC., JOON SIK BAE A/K/A JASON BAE, ANDY BAE, BRIAN BAE |
| vs. | |
| J.I.K. Accessories, Inc., Accessitive Accessories, Inc., B.B. Apparels Inc., Amuseco Accessories, Inc., Nana Accessory, Inc., Seanna Corporation, Heiress Enterprises, Inc., Pinkland Corporation, Inc., Bliss, Final Choice, Joon Sik Bae, Yong Woo Kim, Any Bae, Jason Bae, Brian Ban, Ryan Bae, Ho Yong Na, Sang Wha Kim, Aeran Bae a/k/a Chris Bae, Jenny J. Lee, Sukmin Bae, John Bae, Lisa Bae, Grace Kim, Ken Chung, Yeun Sik Cha, Debbie Kim, DOES 1- 10, | |
| Defendants | |

IT IS HEREBY ORDERED AND ADJUDGED as follows:

Consent judgment is hereby entered jointly and severally against Defendants Accessitive

Accessories, Inc., B.B. Apparels Inc., Amuseco Accessories, Inc., J.I.K. Accessories, Inc., Joon

Sik Bae a/k/a Jason Bae, Andy Bae (erroneously sued herein as Any Bae), Brian Bae (erroneously sued herein as Brian Ban and Ryan Bae) as follows:

1.      Each party shall bear its own attorneys' fees and costs.

2.      Subject to paragraph 4 below, pursuant to 17 U.S.C. § 502(a) and 15 U.S.C. § 1116(a), Defendants, their agents, servants, employees, and licensees, successors and assigns, and all persons or entities in active concert or participation with any of them who receive notice of this Final Judgment on Consent, are hereby PERMANENTLY ENJOINED from manufacturing, causing to be manufactured, importing, marketing, promoting, advertising, distributing, selling, and/or otherwise disposing of any product (i) bearing unauthorized designs that are substantially similar to the designs of the Hello Kitty, Keroppi, or Charmmy Kitty characters, and / or (ii) bearing any counterfeit, copy, or colorable imitation of any of Sanrio's Registered Trademarks, and / or (iii) containing any infringement of Sanrio's Registered Copyrights.

3.      Each Defendant must disclose this Consent Judgment to all of its successors and assigns.

4.      The Court shall maintain jurisdiction over the parties and subject matter of this civil action for the purpose of interpreting and enforcing this Final Judgment on Consent, any amendments thereto, and the Settlement Agreement attached hereto as Exhibit 1.

The parties, either themselves or through their undersigned counsel, hereby consent to the entry of this Final Judgment on Consent.

IT IS SO STIPULATED AND CONSENTED.

OWEN, WICKERSHAM & ERICKSON, P.C.

Date:  May 12, 2011          By:    /Noel M. Cook_____
                                     NOEL M. COOK
                                     LINDA JOY KATTWINKEL
                                     Attorneys For Plaintiffs
                                     SANRIO COMPANY, LTD.
                                     SANRIO, INC.

1

2

BLEDSOE, CATHCART, DIESTEL,
PEDERSEN & TREPPA, LLP

3

4

Date:   May 12, 2011                    By:_____/L.J. Pedersen_____

L. JAY PEDERSEN

5

JOSHUA N. ROSEN

6

Attorneys for Defendant
ACCESSIVE ACCESSORIES, INC.

7

8

TINGLEY PIONTKOWSKI LLP

9

10

Date:   May 12, 2011                    By:_____/Bruce C. Piontkowski_____

BRUCE C. POINTKOWSKI

11

JONATHAN A. MCMAHON

12

Attorney for Defendants
J.I.K. ACCESSORIES, INC.

13

ACCESSIVE ACCESSORIES, INC.
B.B. APPARELS INC.

14

AMUSECO ACCESSORIES, INC.
JOON SIK BAE A/K/A JASON BAE

15

ANDY BAE and BRIAN BAE

16

17                          **IT IS SO ORDERED AND ADJUDGED.**

18

19   Dated this __13th__ day of ___May_____, 2011.

20

21                          _____

22   HON. MARIL
     U.S. DISTRICT

23

24

25

26

27

28

EXHIBIT 1

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made by and between Sanrio Co., Ltd., a corporation organized and existing under the laws of the nation of Japan, with its principal place of business located at 1-6-1 Osaki, Shinagawa ku, Tokyo 141-8603, Japan, Sanrio, Inc., a corporation organized and existing under the laws of the State of California with its principal place of business located at 570 Eccles Avenue, South San Francisco, California 94080 (collectively, "Sanrio" or "Plaintiffs"), J.I.K. Accessories, Inc., a California Corporation, Accessitive Accessories, a California Corporation, B.B. Apparels Inc., a California Corporation, Amuseco Accessories, Inc., a California Corporation, Joon Sik Bae a/k/a Jason Bae, Andy Bae and Brian Bae (collectively, "Defendants" or "Joon Sik Bae Parties"), the third parties designated on Schedule 1, which is incorporated by reference, including Amuse Northeast, LLC, A Connecticut limited liability company, Amuseco Accessories, Inc. dba Amuse, a Florida Corporation, Bae East Investments LLC, a Virginia limited liability company, BTBC Tempe LLC, an Arizona limited liability company, BTE Houston Inc., a Texas Corporation, HnH Accessories LLC, a New Jersey limited liability company, CJ Accessories, Inc. , a California Corporation, Amuse (North Hollywood Store) and Hyunkuk Kang and Amuse (Plaza Mexico Store) and Kyong Kim (collectively, the "Released Amuse Parties").  This Agreement shall be effective between Plaintiffs and Defendants as of the last date of signature thereto by Defendants ("Effective Date").  This Agreement shall be effective as to each Released Amuse Party as of the date of signature thereto by the Released Amuse Party, or the Effective Date, whichever is later.

## RECITALS

WHEREAS, Sanrio has been engaged in the business of manufacturing, distributing and selling products for use by children and young adults since 1960 and is the creator and owner of the famous HELLO KITTY, KEROPPI, and CHARMMY KITTY characters, among dozens of others (the "Sanrio Characters");

WHEREAS, Sanrio, Inc. has been the exclusive United States distributor of the products of Sanrio Co., Ltd. and is currently the exclusive United States master licensee of all trademarks, copyrights, and other intellectual property rights in and to the Sanrio Characters since 1976;

WHEREAS, Sanrio owns many U.S. Certificates of Copyright Registration for artwork depicting the Sanrio Characters, including the following Registration Nos.: VA 130-420, VA 1-303-874 and Vau 684-322 and VA 1-342-775 (HELLO KITTY); VA 707-212 and VA 636-579 (KEROPPI); and VA 1-296-111 (CHARMMY KITTY) (the "Sanrio Copyrights");

WHEREAS, Sanrio also owns several U.S. Trademark registrations, including incontestable U.S. Trademark Registration Nos. 1,200,083 and 1,277,721 for the design trademark depicting the head of the HELLO KITTY character; and 1,215,436 and 1,279,486 for the word mark HELLO KITTY (the "Registered Trademarks");

WHEREAS, Sanrio also owns common law trademark and trade dress rights in the artwork depicting the Sanrio Characters (the "Common Law Trademarks");

WHEREAS, the Joon Sik Bae Parties have purchased, advertised, displayed, distributed, sold, and offered for sale items depicting one or more of the Sanrio Characters;

WHEREAS, the Joon Sik Bae Parties have thereby infringed the Sanrio Copyrights, Registered Trademarks and Common Law Trademarks;

WHEREAS, Sanrio has filed a lawsuit in the United States District Court for the Northern District of California (the "Court") against Defendants and others (*Sanrio Co., Ltd., et al. v. J.I.K. Accessories, Inc., et al.*, Civil Action No. C 09-00440 MHP (the "Civil Action");

WHEREAS, Plaintiffs and Defendants wish to settle the Civil Action and their dispute under the terms and conditions hereinafter stipulated;

NOW, THEREFORE, it is mutually agreed as follows:

### AGREEMENT

1.      The Parties acknowledge that Defendants have completed and delivered to Plaintiffs the results of a thorough inventory and certification process with respect to all Amuse stores, whether owned by Defendants or unrelated parties, to identify and surrender any remaining counterfeits and their sources. Plaintiffs have reviewed the inventory and certification results and have agreed that such process has been satisfactorily completed with respect to the Released Amuse Parties.

2.      Defendants, or any of them, directly and through insurance carriers, shall pay to Plaintiffs a Settlement Amount in the total sum of $250,000.00 (two hundred and fifty thousand dollars), payable as follows: $166,000.00 as an initial payment payable no later than thirty (30) days after the Effective Date; and the remaining $84,000.00 payable in 10 monthly Installment Payments of $8,400.00 each, with the first Installment Payment due on May 1, 2011, and each successive Installment Payment due on the first day of each successive month thereafter. Payments may be made by wire transfer directly to the client trust account of Plaintiffs' counsel, Owen, Wickersham & Erickson, P.C., or by check made payable to Owen, Wickersham & Erickson P.C.

3.      Upon the Effective Date, counsel for Plaintiffs and Defendants shall execute Stipulated Facts and Conclusions of Law and a Final Judgment on Consent in the forms appended hereto as Exhibits A and B, respectively.

4.      In the event that Defendants fail to make an Installment Payment within thirty (30) days of the due date as set forth in Paragraph 2, Defendants agree that the entire outstanding balance due on the Settlement Amount shall become immediately due and payable, and Defendants agree that an Amendment to Final Judgment on Consent may be entered in the form appended hereto as Exhibit C. Plaintiffs shall file a partial satisfaction of judgment to the extent payments have been received by Plaintiffs.

5.      Subject to paragraph 6 herein, Defendants and the Released Amuse Parties agree that, as of the Effective Date, they will not reproduce, copy, distribute, sell, offer for sale, advertise, or display any products bearing the Sanrio Characters, or otherwise infringe Plaintiffs' rights in and to the Sanrio Characters, or cause or permit others to do any of these acts, and shall use their best efforts not to infringe any other copyright, trademark, or other intellectual property rights of Plaintiffs.

6.      Defendants and Released Amuse Parties may purchase genuine Sanrio merchandise bearing Sanrio characters ("Genuine Merchandise") solely from Nakajima USA, Inc. (provided that they otherwise qualify for an account with Nakajima USA, Inc.), and may resell such Genuine Merchandise in their retail stores, provided that, and on condition that, no counterfeit products of any kind comprising infringement of any copyright or trademark rights of Sanrio or any other party are offered for sale at the same retail store as the Genuine Merchandise.

7.      In the event any Defendant or Released Amuse Party violates the provisions of paragraphs 5 or 6 herein, Defendants and Released Amuse Parties acknowledge and agree that

Plaintiffs will suffer irreparable harm and will have no adequate remedy at law, and the violating

Party shall be permanently enjoined from selling all Sanrio items (whether genuine or

infringing), and shall surrender its inventory of all such items to Plaintiffs, together with

complete documentation regarding the supplier(s) thereof.

       8.     Subject to and conditioned upon full and complete performance of the covenants

of this Agreement and the attached Exhibits, Plaintiffs, on behalf of themselves and their heirs,

parent and subsidiary organizations, affiliates, partners, agents, servants, owners, stockholders,

employees, representatives, assigns, attorneys and successors (collectively "Affiliates"), hereby

release and forever discharge Defendants and the Released Amuse Parties and their Affiliates

and insurance carriers from any and all damages, demands, causes of action, liabilities, costs,

expenses, compensation, attorneys' fees and all other damages and liabilities of any kind

whatsoever, direct or indirect, which each of Plaintiffs and Plaintiffs' Affiliates have or may

have relating to the subject matter of the Civil Action based on facts or activities occurring prior

to the Effective Date.  Defendants and the Released Amuse Parties, on behalf of themselves and

their Affiliates, hereby release and forever discharge Plaintiffs and their Affiliates, the other

Defendants and their Affiliates and insurance carriers and the Released Amuse Parties and their

Affiliates and insurance carriers from any and all damages, demands, causes of action, liabilities,

costs, expenses, compensation, attorneys' fees and all other damages and liabilities of any kind

whatsoever, direct or indirect, which each of the Defendants and Released Amuse Parties and

their Affiliates have or may have relating to the subject matter of the Civil Action based on facts

or activities occurring prior to the Effective Date.

       9.     This Agreement does not affect any rights that Defendants may have against any

or all participating or non-participating insurers for contribution, breach of contract, breach of

the covenant of good faith and fair dealing, declaratory relief or any other claims of causes of action arising out of this matter.

10.      WAIVER OF SECTION 1542: Each of the Plaintiffs, Defendants and Released Amuse Parties has been fully advised by its respective counsel of the contents of Section 1542 of the Civil Code of California, and that section and the benefits thereof are expressly waived. Section 1542 reads as follows:

> "Section 1542. (General Release – Claims Extinguished.) A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

11.      This Agreement contains the final, exclusive and entire agreement between the Plaintiffs on the one hand and the Defendants and Released Amuse Parties on the other hand with the respect to the subject matter hereof.  The terms of this Agreement are contractual and not a mere recital.  This Agreement is entered into and executed without reliance upon any promise, warranty, or representation by any party or any representative of any party hereto, other than those expressly contained herein.  Each Party has read this Agreement, has been advised of its meaning and consequences by its counsel of its choosing, and executes this Agreement of its own free will.

12.      This Agreement shall be deemed to have been drafted by all of the Parties, and the provisions of Section 1654 of the California Civil Code shall not apply.

13.      The validity, construction, interpretation and enforcement of this Agreement shall be governed by the laws of the State of California and the laws of the United States.

14.     If any provision of this Agreement shall be held to be invalid, illegal, or unenforceable, the validity, legality or enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

15.     Failure by any Party to enforce any rights under this Agreement shall not be construed as a waiver of such rights nor shall a waiver by any Party of default in one or more instances be construed as constituting a continuing waiver or as a waiver in other instances.

16.     No modifications, extensions, or waivers of any provisions of this Agreement or any release of any right under this Agreement shall be valid, unless the same is in writing and is signed by all Parties to this Agreement.

17.     In the event of a material breach of this Agreement by Defendants, including without limitation failure to pay the full Settlement Amount, Defendants shall pay all attorneys' fees and costs incurred by Plaintiffs to enforce the terms of this Agreement.

18.     This Agreement may be signed in counterparts and transmitted by fax or pdf attachments via email, with original signed copies transmitted by first class mail.

**Plaintiffs:**

Executed in Tokyo, Japan

Date: May 9, 2011

SANRIO COMPANY, LTD.

By: _Takakura Nakamura_
Takakura Nakamura

Executed in South San Francisco, CA

Date: 5/3/2011

SANRIO, INC.

By: _Katsumi Murakami_
Katsumi Murakami

**Defendants:**

Executed in _____

Date: 4/28/11

J.I.K. ACCESSORIES, INC., a California
Corporation.

By: _Joon Sik Bae_
Joon Sik Bae

Executed in _____

Date: 4/28/11

ACCESSITIVE ACCESSORIES, INC., a
California Corporation.

By: _Joon Sik Bae_
Joon Sik Bae

Executed in _____

Date: 4/28/11

B.B. APPARELS, INC., a California Corporation

By: _Seung Hee Chang_
Seung Hee Chang

Executed in _____

Date: 4/28/11

AMUSECO ACCESSORIES, INC., a California
Corporation

By: _Joon Sik Bae_
Joon Sik Bae

Executed in _____

Date: 4/28/11

JOON SIK BAE

_Joon Sik Bae_

Executed in _____          ANDY BAE

    Date: _4/28/11_

Executed in _____          BRIAN BAE

    Date: _4/28/11_

**Amuse Parties:**

Executed in _____          Amuse Northeast, LLC, A Connecticut limited
                                      liability company
    Date: _4/28/11_
                                      By: _____
                                          Andy Bae

Executed in _____          AMUSECO ACCESSORIES, INC, a Florida
                                      Corporation
    Date: _4/28/11_
                                      By: _____
                                          Joon Sik Bae

Executed in _____          Bae East Investments LLC, a Virginia limited
                                      liability company
    Date: _4/28/11_
                                      By: _____
                                          Andy Bae

Executed in _____          BTBC Tempe LLC, an Arizona limited liability
                                      company
    Date: _4/28/11_
                                      By: _____
                                          Brian Bae

Executed in _____          BTE Houston Inc., a Texas Corporation
    Date: _4/28/11_
                                      By: _____
                                          Brian Bae

Executed in _____

      Date: _____4/28/11_____

HnH Accessories LLC, a New Jersey limited
liability company

By: _____
     Andy Bae

Executed in _____

      Date: _____

Amuse

By: _____
     Hyunkuk Kang

Executed in _____

      Date: _____

Amuse

By: _____
     Kyong Kim

Executed in _____

      Date: _____4/28/11_____

CJ Accessories, Inc., a California Corporation

By: _____
     Joon Sik Bae

Executed in _____

      Date: _____

HnH Accessories LLC, a New Jersey limited liability company

By: _____
     Andy  Bae

Executed in _____

      Date: _____

Amuse

By: _____
     Hyunkuk Kang

Executed in _____

      Date: _____

Amuse

By: _____
     Kyong Kim

Executed in _____

      Date: _____

CJ Accessories, Inc., a California Corporation

By: _____
     Joon Sik Bae

Executed in _____          HnH Accessories LLC, a New Jersey limited
                                       liability company
      Date: _____
                                       By: _____
                                           Andy  Bae

Executed in _____          Amuse

      Date: _____          By: _____
                                           Hyunkuk Kang


Executed in _____          Amuse

      Date: _____          By: _____
                                           Kyong Kim


Executed in _____          CJ Accessories, Inc., a California Corporation

      Date: _____          By: _____
                                           Joon Sik Bae

EXHIBIT A

1  NOEL M. COOK, SBN 122777
   LINDA JOY KATTWINKEL, SBN 164283
2  ALICA DEL VALLE, SBN 246006
   OWEN, WICKERSHAM & ERICKSON, P.C.
3  455 Market Street, Suite1910
   San Francisco, California 94105
4  (415) 882-3200 Tel
   (415) 882-3232 Fax
5  ncook@owe.com
   ljk@owe.com
6  adelvalle@owe.com

7  Attorneys for Plaintiffs
   SANRIO COMPANY, LTD. and SANRIO, INC.

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12
   SANRIO COMPANY, LTD., a Japanese       |   Civil Action No. C 09-00440 MHP
13 corporation and SANRIO, INC., a California |
   corporation,                          |
14                                        |   STIPULATED FACTS AND
                  Plaintiffs,             |   CONCLUSIONS OF LAW IN SUPPPORT
15                                        |   OF [PROPOSED]
                  vs.                     |   FINAL JUDGMENT ON CONSENT:
16                                        |   J.I.K. ACCESSORIES, INC.,
   J.I.K. Accessories, Inc., Accessitive  |   ACCESSITIVE ACCESSORIES, INC.,
17 Accessories, Inc., B.B. Apparels Inc., Amuseco | B.B. APPARELS INC., AMUSECO
   Accessories, Inc., Nana Accessory, Inc., Seanna | ACCESSORIES, INC., JOON SIK BAE
18 Corporation, Heiress Enterprises, Inc., Pinkland | A/K/A JASON BAE, ANDY BAE, AND
   Corporation, Inc., Bliss, Final Choice, Joon Sik | BRIAN BAE
19 Bae, Yong Woo Kim, Any Bae, Jason Bae, |
   Brian Ban, Ryan Bae, Ho Yong Na, Sang Wha |
20 Kim, Aeran Bae a/k/a Chris Bae, Jenny J. Lee, |
   Sukmin Bae, John Bae, Lisa Bae, Grace Kim, |
21 Ken Chung, Yeun Sik Cha, Debbie Kim, DOES |
   1- 10,                                 |
22                                        |
                  Defendants              |
23 _____ |

24

25        WHEREAS, on January 30, 2009, Sanrio Company, Ltd. and Sanrio, Inc. ("Plaintiffs")

26 initiated the instant action against the named defendants as set forth above for trademark

27 infringement in violation of  15 U.S.C. § 1114, et seq.; copyright infringement in violation of 17

28

EXHIBIT A

U.S.C. § 501, et seq.; unfair competition in violation of 15 U.S.C. §1125(a) et seq., as amended; unfair competition under the law of the State of California, Cal. Bus. & Prof. Code § 17200 et seq.; and common law unfair competition.

WHEREAS, Defendants J.I.K. Accessories, Inc., Accessitive Accessories, Inc., B.B. Apparels Inc., Amuseco Accessories, Inc., Joon Sik Bae a/k/a Jason Bae, Andy Bae (erroneously sued herein as Any Bae), Brian Bae (erroneously sued herein as Brian Ban and Ryan Bae) (collectively, "Defendants") and Plaintiffs  have concluded a settlement resolving Plaintiffs' claims against these Defendants in this civil action;

WHEREAS, the Plaintiffs and Defendants (the "Parties") wish to resolve this civil action through the entry of Judgment on Consent;

WHEREAS, without admitting that they knowingly infringed Plaintiffs' rights and specifically denying same, Defendants consent to the entry of Judgment on Consent;

WHEREAS, each Party has waived the right to appeal from the Judgment on Consent;

NOW THEREFORE, the Parties stipulate to the following facts and conclusions of law:

### STIPULATED FACTS

1.      Plaintiff Sanrio Co., Ltd. ("Sanrio") is a Japanese corporation and maintains its principal place of business located at 1-6-1 Osaki, Shinagawa ku, Tokyo 141-8603, Japan. Plaintiff Sanrio, Inc. is a California corporation and maintains its principal place of business at 570 Eccles Avenue, South San Francisco, California 94080.

2.      Since 1960, Sanrio Co., Ltd. has been engaged in the business of manufacturing, distributing and selling products for use by children and young adults.  All of Sanrio's products are marked with the SANRIO trade name and mark.  Since 1976, Sanrio, Inc. has been the exclusive United States distributor of the products of Sanrio Co., Ltd. and is currently the exclusive United States master licensee of the rights in and to the SANRIO trademarks and copyrights.

3.      Sanrio is the creator and owner of the famous HELLO KITTY, KEROKEROKEROPPI a/k/a KEROPPI, and CHARMMY KITTY characters, as well as many

**EXHIBIT A**

other characters, as depicted in Exhibit 2 of the Complaint in this action.  Since 1976, most of Sanrio's merchandise marketed in the U.S. has displayed HELLO KITTY character artwork on the products and product packaging. Since 1988, KEROPPI character artwork has appeared on numerous Sanrio products and product packaging marketed in the U.S.  Since 2004, CHARMMY KITTY character artwork has appeared on numerous Sanrio products and product packaging marketed in the U.S.

       4.      Sanrio owns many U.S. Certificates of Copyright Registration for artwork depicting the Sanrio Characters, including the following Registration Nos.: VA 130-420, VA 1-303-874 and Vau 684-322 and VA 1-342-775 (HELLO KITTY); VA 707-212 and VA 636-579 (KEROPPI); and VA 1-296-111 (CHARMMY KITTY) (the "Sanrio Registered Copyrights").

       5.      Sanrio owns several U.S. Trademark registrations, including U.S. Trademark Registration Nos. 1,200,083 and 1,277,721 for the design trademark depicting the head of the HELLO KITTY character; and 1,215,436 and 1,279,486 for the word mark HELLO KITTY, all of which are incontestable  (collectively, "Sanrio's Registered Trademarks").

       6.      In addition to owning the foregoing federal trademark registrations, Sanrio owns all common law rights (including trademark and trade dress rights) to the HELLO KITTY character name and design, and the KEROPPI and CHARMMY KITTY character designs (collectively, "Sanrio's Common Law Trademarks").

       7.      Defendants are entities or individual residents of California, who were at all relevant times actively engaged in the operation, management and/or control of certain retail businesses called Amuse (the "retail stores"), and a wholesale business called Amuseco, all located in various counties in California.

       8.      During all times relevant to this action, Defendants were not authorized to advertise, manufacture, import, distribute, or sell Sanrio merchandise.

       9.      During various times in the past, Defendants distributed, through Amuseco, and advertised, displayed and offered for sale at their retail stores, various infringing or counterfeit

EXHIBIT A

products depicting the HELLO KITTY character, and/or the KEROPPI and/or CHARMMY

KITTY characters (the "Counterfeit Merchandise").

**STIPULATED CONCLUSIONS OF LAW**

10.     The Court has jurisdiction over the subject matter of this civil action.

11.     Sanrio owns valid copyrights, trademarks and trade dress in the name and design

of the HELLO KITTY, KEROPPI and CHARMMY KITTY characters.

12.     The Counterfeit Merchandise advertised, distributed and sold by Defendants

contained infringing or counterfeit versions of Sanrio's Registered Copyrights, Sanrio's

Registered Trademarks, and Sanrio's Common Law Trademarks.

13.     The acts of Defendants constituted copyright infringement, in violation of 17

U.S.C. § 501.

14.     The acts of Defendants constituted trademark and trade dress infringement, in

violation of 15 U.S.C. §§ 1114, 1125(a).

15.     The acts of Defendants constituted unfair competition in violation of 15 U.S.C.

§1125(a) et seq., as amended, Cal. Bus. & Prof. Code § 17200 et seq.; and common law.

The Parties, either themselves or through their undersigned counsel, hereby stipulate to

the above facts and conclusions and consent to the entry of Judgment on Consent pursuant to the

separately filed Proposed Judgment on Consent, and to entry of an Amendment to the Judgment

on Consent pursuant to the Settlement Agreement in the form attached thereto in the event of a

default in the payments provided in the Settlement Agreement.

IT IS SO STIPULATED.


                                        OWEN, WICKERSHAM & ERICKSON, P.C.


Date: _____     By: _____
                                           NOEL M. COOK
                                           LINDA JOY KATTWINKEL
                                           Attorneys For Plaintiffs
                                           SANRIO COMPANY, LTD.
                                           SANRIO, INC.

**EXHIBIT A**

1

2                                          BLEDSOE, CATHCART, DIESTEL,
3                                          PEDERSEN & TREPPA, LLP

4

5   Date:  _____    By:_____
                                           L. JAY PEDERSEN
6                                          JOSHUA N. ROSEN
                                           Attorneys for Defendant
7                                          ACCESSITIVE ACCESSORIES, INC.

8

9                                          TINGLEY PIONTKOWSKI LLP

10

11  Date:  _____    By:_____
                                           BRUCE C. POINTKOWSKI
12                                         JONATHAN A. MCMAHON
                                           Attorney for Defendants
13                                         J.I.K. ACCESSORIES, INC.
                                           ACCESSITIVE ACCESSORIES, INC.
14                                         B.B. APPARELS INC.
                                           AMUSECO ACCESSORIES, INC.
15                                         JOON SIK BAE A/K/A JASON BAE
16                                         ANDY BAE and BRIAN BAE

17

18                    **IT IS SO ORDERED AND ADJUDGED.**

19

20  Dated this _____ day of _____, 2011.

21

22                                         _____
23                                         HON. MARILYN HALL PATEL
                                           U.S. DISTRICT COURT JUDGE
24

25

26

27

28

STIPULATED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF
[PROPOSED] JUDGMENT ON CONSENT:  J.I.K. ACCESSORIES, INC. ET AL          C 09-00440 MHP

**EXHIBIT B**

NOEL M. COOK, SBN 122777
LINDA JOY KATTWINKEL, SBN 164283
ALICA DEL VALLE, SBN 246006
OWEN, WICKERSHAM & ERICKSON, P.C.
455 Market Street, Suite1910
San Francisco, California 94105
(415) 882-3200 Tel
(415) 882-3232 Fax
ncook@owe.com
ljk@owe.com
adelvalle@owe.com

Attorneys for Plaintiffs
SANRIO COMPANY, LTD. and SANRIO, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANRIO COMPANY, LTD., a Japanese corporation and SANRIO, INC., a California corporation, | Civil Action No. C 09-00440 MHP |
| Plaintiffs, | [PROPOSED] FINAL JUDGMENT ON CONSENT: J.I.K ACCESSORIES, INC., ACCESSITIVE ACCESSORIES, INC., B.B. APPARELS INC., AMUSECO ACCESSORIES, INC., JOON SIK BAE A/K/A JASON BAE, ANDY BAE, BRIAN BAE |
| vs. | |
| J.I.K. Accessories, Inc., Accessitive Accessories, Inc., B.B. Apparels Inc., Amuseco Accessories, Inc., Nana Accessory, Inc., Seanna Corporation, Heiress Enterprises, Inc., Pinkland Corporation, Inc., Bliss, Final Choice, Joon Sik Bae, Yong Woo Kim, Any Bae, Jason Bae, Brian Ban, Ryan Bae, Ho Yong Na, Sang Wha Kim, Aeran Bae a/k/a Chris Bae, Jenny J. Lee, Sukmin Bae, John Bae, Lisa Bae, Grace Kim, Ken Chung, Yeun Sik Cha, Debbie Kim, DOES 1- 10, | |
| Defendants | |

IT IS HEREBY ORDERED AND ADJUDGED as follows:

Consent judgment is hereby entered jointly and severally against Defendants Accessitive

Accessories, Inc., B.B. Apparels Inc., Amuseco Accessories, Inc., J.I.K. Accessories, Inc., Joon

**EXHIBIT B**

Sik Bae a/k/a Jason Bae, Andy Bae (erroneously sued herein as Any Bae), Brian Bae (erroneously sued herein as Brian Ban and Ryan Bae) as follows:

      1.      Each party shall bear its own attorneys' fees and costs.

      2.      Subject to paragraph 4 below, pursuant to 17 U.S.C. § 502(a) and 15 U.S.C. § 1116(a), Defendants, their agents, servants, employees, and licensees, successors and assigns, and all persons or entities in active concert or participation with any of them who receive notice of this Final Judgment on Consent, are hereby PERMANENTLY ENJOINED from manufacturing, causing to be manufactured, importing, marketing, promoting, advertising, distributing, selling, and/or otherwise disposing of any product (i) bearing unauthorized designs that are substantially similar to the designs of the Hello Kitty, Keroppi, or Charmmy Kitty characters, and / or (ii) bearing any counterfeit, copy, or colorable imitation of any of Sanrio's Registered Trademarks, and / or (iii) containing any infringement of Sanrio's Registered Copyrights.

      3.      Each Defendant must disclose this Consent Judgment to all of its successors and assigns.

      4.      The Court shall maintain jurisdiction over the parties and subject matter of this civil action for the purpose of interpreting and enforcing this Final Judgment on Consent, any amendments thereto, and the Settlement Agreement attached hereto as Exhibit 1.

      The parties, either themselves or through their undersigned counsel, hereby consent to the entry of this Final Judgment on Consent.

IT IS SO STIPULATED AND CONSENTED.

                              OWEN, WICKERSHAM & ERICKSON, P.C.

Date: _____    By: _____
                                         NOEL M. COOK
                                       LINDA JOY KATTWINKEL
                                       Attorneys For Plaintiffs
                                       SANRIO COMPANY, LTD.
                                       SANRIO, INC.

**EXHIBIT B**

1

2                                                                 BLEDSOE, CATHCART, DIESTEL,
                                                                  PEDERSEN & TREPPA, LLP

3

4       Date: _____       By:_____
                                                                  L. JAY PEDERSEN
5                                                                 JOSHUA N. ROSEN
                                                                  Attorneys for Defendant
6                                                                 ACCESSITIVE ACCESSORIES, INC.

7

8                                                                 TINGLEY PIONTKOWSKI LLP

9

10      Date: _____       By:_____
                                                                  BRUCE C. POINTKOWSKI
11                                                                JONATHAN A. MCMAHON
                                                                  Attorney for Defendants
12                                                                J.I.K. ACCESSORIES, INC.
                                                                  ACCESSITIVE ACCESSORIES, INC.
13                                                                B.B. APPARELS INC.
                                                                  AMUSECO ACCESSORIES, INC.
14                                                                JOON SIK BAE A/K/A JASON BAE
                                                                  ANDY BAE and BRIAN BAE
15

16

17                               **IT IS SO ORDERED AND ADJUDGED.**

18

19      Dated this _____ day of _____, 2011.

20

21                                                    _____

22                                                    HON. MARILYN HALL PATEL
                                                      U.S. DISTRICT COURT JUDGE

23

24

25

26

27

28

EXHIBIT C

NOEL M. COOK, SBN 122777
LINDA JOY KATTWINKEL, SBN 164283
ALICA DEL VALLE, SBN 246006
OWEN, WICKERSHAM & ERICKSON, P.C.
455 Market Street, Suite1910
San Francisco, California 94105
(415) 882-3200 Tel
(415) 882-3232 Fax
ncook@owe.com
ljk@owe.com
adelvalle@owe.com

Attorneys for Plaintiffs
SANRIO COMPANY, LTD. and SANRIO, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANRIO COMPANY, LTD., a Japanese corporation and SANRIO, INC., a California corporation, | Civil Action No. C 09-00440 MHP |
| Plaintiffs, | [PROPOSED] AMENDMENT TO FINAL JUDGMENT ON CONSENT: J.I.K ACCESSORIES, INC., ACCESSITIVE ACCESSORIES, INC., B.B. APPARELS INC., AMUSECO ACCESSORIES, INC., JOON SIK BAE A/K/A JASON BAE, ANDY BAE, BRIAN BAE |
| vs. | |
| J.I.K. Accessories, Inc., Accessitive Accessories, Inc., B.B. Apparels Inc., Amuseco Accessories, Inc., Nana Accessory, Inc., Seanna Corporation, Heiress Enterprises, Inc., Pinkland Corporation, Inc., Bliss, Final Choice, Joon Sik Bae, Yong Woo Kim, Any Bae, Jason Bae, Brian Ban, Ryan Bae, Ho Yong Na, Sang Wha Kim, Aeran Bae a/k/a Chris Bae, Jenny J. Lee, Sukmin Bae, John Bae, Lisa Bae, Grace Kim, Ken Chung, Yeun Sik Cha, Debbie Kim, DOES 1- 10, | |
| Defendants | |

The parties having stipulated to entry of this Amendment to Judgment on Consent in the event of a default in the payments as provided in the Settlement Agreement, and such default having now occurred,

**EXHIBIT C**

1    IT IS HEREBY ORDERED AND ADJUGED as follows:

2          The Judgment on Consent entered on [date] is hereby amended to add the following:

3          6.          Consent Judgment is hereby entered jointly and severally against Defendants

4    Accessitive Accessories, Inc., B.B. Apparels, Inc., Amuseco Accessories, Inc., J.I.K Accessories,

5    Inc., Joon Sik Bae a/k/a Jason Bae, Andy Bae (erroneously sued herein as Any Bae), and Brian

6    Bae (erroneously sued herein as Brian Ban and Ryan Bae) for two hundred and fifty thousand

7    dollars ($250,000.00).

8          7.          The Court shall maintain jurisdiction over the parties and subject matter of this

9    civil action for the purpose of interpreting and enforcing this Amendment to Judgment on

10   Consent.

11         The parties, either themselves or through their undersigned counsel, hereby consent to the

12   entry of this Amendment to Consent Judgment.

13   IT IS SO STIPULATED AND CONSENTED.

14

15                                                 OWEN, WICKERSHAM & ERICKSON, P.C.

16   Date: _____    By: _____

17                                                 NOEL M. COOK
                                                   LINDA JOY KATTWINKEL
18                                                 Attorneys For Plaintiffs
                                                   SANRIO COMPANY, LTD.
19                                                 SANRIO, INC.

20

21                                                 BLEDSOE, CATHCART, DIESTEL,

22                                                 PEDERSEN & TREPPA, LLP

23

24   Date: _____    By:_____

25                                                 L. JAY PEDERSEN
                                                   JOSHUA N. ROSEN
26                                                 Attorneys for Defendant
                                                   ACCESSITIVE ACCESSORIES, INC.

27

28

[PROPOSED] AMENDMENT TO JUDGMENT ON CONSENT: J.I.K. ACCESSORIES, INC. ET AL          C 09-00440 MHP

**EXHIBIT C**

TINGLEY PIONTKOWSKI LLP

Date: _____     By:_____
                                  BRUCE C. POINTKOWSKI
                                  JONATHAN A. MCMAHON
                                  Attorney for Defendants
                                  J.I.K. ACCESSORIES, INC.
                                  ACCESSITIVE ACCESSORIES, INC.
                                  B.B. APPARELS INC.
                                  AMUSECO ACCESSORIES, INC.
                                  JOON SIK BAE A/K/A JASON BAE
                                  ANDY BAE and BRIAN BAE


**IT IS SO ORDERED AND ADJUDGED.**


Dated this _____ day of _____, 2011.


                                  _____
                                  HON. MARILYN HALL PATEL
                                  U.S. DISTRICT COURT JUDGE